In the Matter of the Estate of ALFRED L. TOUPENSE, Deceased.

Surrogate's Court, Dutchess County, May 25, 1937.

*David G. McCullough,* for Louis J. Toupense and Mary Toupense, as executors, etc.

*Arthur S. Halpin,* committee in person, for Mary J. Toupense, the incompetent.

*Robert P. Rickards* [*Robert C. Killough, Jr.,* of counsel], for the Hudson River State Hospital, claimant.

GLEASON, S. This is a proceeding brought for the final judicial settlement of the accounts of the executors of the estate of Alfred L. Toupense, deceased. There are no objections to the account, and the sole question to determine is a claim in the amount of $1,733, filed with the executors in behalf of the State of New York for the care and maintenance of the wife of the decedent in the Hudson River State Hospital at Poughkeepsie, N. Y., covering the period from her commitment to the hospital on June 9, 1931, to the date of his death, March 7, 1936, at the rate of one dollar per day. The claim was rejected by the executors and was brought on for hearing at the time of the above accounting.

The undisputed facts show that Mary J. Toupense, widow of decedent, was committed to the Hudson River State Hospital on or about the 9th day of June, 1931, and was up to and including the 7th day of March, 1936, and still is, confined to said institution; that prior to her commitment to the Hudson River State Hospital she was in a similar institution in the State of Massachusetts; that her husband, the above-named decedent, was employed at the

St. Andrew's Novitiate, in the town of Poughkeepsie, Dutchess county, N. Y.; that the said Alfred L. Toupense died on or about the 7th day of March, 1936, leaving a last will and testament duly admitted to probate in this court in and by which he devised and bequeathed his estate to his brother, Louis Toupense, and the latter's wife, Mary, or the survivor thereof, and the said beneficiaries being named as executors, and that Arthur S. Halpin, Esq., had been duly appointed the committee of the person and estate by the Supreme Court of this State on or about the 17th day of September, 1936, and that he has in his hands as such committee the sum of $865.01. No demand for reimbursement for the care of said patient was ever made upon either the husband or her committee until after the death of the husband.

The claim is brought pursuant to the provisions of section 24-a of the Mental Hygiene Law of the State of New York. The claimant in support of its claim presented proof of commitment of Mary J. Toupense to the Hudson River State Hospital, testimony as to the actual cost of maintenance of a patient in the hospital during the period covered by the claim, proof as to fixing of rate by the Commissioner, proof that Mary J. Toupense was confined to the hospital during the period alleged in the claim.

No proof of any nature was submitted in opposition by either the executors or the committee.

The executors while presenting no evidence asserted that the claim cannot be allowed under this section upon the following grounds: That persons neither poor nor indigent may be received and maintained upon prompt and regular payments for the maintenance at rates fixed by the Commissioner, and that the Commissioner has the power to fix and determine the rate, and that where he fails to do so such failure should be considered a waiver of the whole of the claim; also upon the further ground that where there is a committee and such committee has sufficient funds, maintenance costs must be paid by such committee, and in that case recourse must be first had to the funds in the hands of said committee. They further assert that the rate was not established in accordance with the statute, and also that the rights under section 24-a must be enforced by action, and finally, that that portion of section 24-a which permits the Commissioner to bring an action against a person discovered to have real or personal property or against the estate, etc., did not become effective until May 5, 1934, and that the same is not retroactive. (Laws of 1934, chap. 330.)

In reading section 24-a of the Mental Hygiene Law I do not interpret this section to read that failure of the Commissioner to establish a rate effects a waiver of the rights of the State under

this section, nor is it mandatory under this section that recourse must first be made to the funds in the hands of the committee. That a husband is liable for support and necessities furnished his wife cannot be questioned. The subsequent enactment of this statute did not in any way relieve the husband of this responsibility, even assuming that there was a waiver. The act or omission of some State Department or employee cannot relieve the husband from this primary liability.

I further find, however, that the rate was established in accordance with the statute.

To hold that the rights of the State under this section must be enforced by action and that they cannot be enforced in a proceeding in this court would tend to create a multiplicity of actions and additional cost and expense to estates for the determination and enforcement of claims of this nature.

In my opinion, the allowance of the claim under this section, as amended May 5, 1934, for a period prior to that date as against a husband who is liable at common law for the support and maintenance of his wife is not giving retroactive effect to this section as so amended.

I find that the State of New York, Department of Mental Hygiene, has a good and valid claim against the estate of Alfred L. Toupense in the amount of $1,733.

Submit decree accordingly.